IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 22-cr-30021 |
| ) | |
| **MICHAEL HENDRICKS,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter comes before the Court on the Report and Recommendation (R&R) of U.S. Magistrate Judge Karen L. McNaught dated May 14, 2023.  See R&R, d/e 62.  With the benefit of full briefing and an evidentiary hearing, the Magistrate recommends that this Court deny Defendant Michael Hendricks' motion to suppress certain statements he made while in FBI custody, see Def.'s Mot. Suppress, d/e 53.  Mr. Hendricks timely filed objections to the Magistrate's recommendation.  See Def.'s Objection, d/e 64.  For the reasons that follow, Mr. Hendricks' objections are OVERRULED, the Report and Recommendation is ACCEPTED and ADOPTED, and the motion to suppress is DENIED.

## I. BACKGROUND

In May 2022, a federal grand jury indicted Mr. Hendricks on three counts of possessing and distributing child pornography. On March 6, 2023, Mr. Hendricks filed the suppression motion now before the Court. Mr. Hendricks contends that he was suffering from a diabetic episode during his post-arrest interview, and that his resulting "psychosis" left him incapable of waiving his rights to counsel and to remain silent. He argues that his Miranda waiver must be held invalid and that any statements he made while in custody must be suppressed.

On April 6 and 20, 2023, U.S. Magistrate Judge Karen L. McNaught held an evidentiary hearing on Mr. Hendricks' motion. The Magistrate received several pieces of documentary evidence. The Magistrate also heard testimony from Mr. Hendricks and the officers who conducted the interview. On May 17, 2022, the Magistrate filed her Report and Recommendation.

The Court adopts the Magistrate's statement of facts in its entirety. In brief, on April 18, 2022, several dozen law enforcement officers executed a search warrant at Mr. Hendricks' home in Morrisonville, Illinois. The officers' midday entry roused the

sleeping Mr. Hendricks, who briefly was handcuffed to facilitate a protective sweep. At some point during the search, one of the officers on the scene—FBI Special Agent Anthony Wright—asked Mr. Hendricks if "he was okay." Agent Wright denied asking any other questions of Mr. Hendricks during the search.

After the search concluded, FBI and Illinois State Police officers transported Mr. Hendricks to the Morrisonville City Hall. Mr. Hendricks, now under arrest and in handcuffs, was then taken to a private room. At approximately 1:00 p.m., Agent Wright and Illinois State Police Special Agent Lyle Bloomfield began their custodial interview of Mr. Hendricks, who by that time was no longer handcuffed. An audio-only recording of the interview was provided to the Court and admitted as evidence without objection.

Agents Bloomfield and Wright began by providing Mr. Hendricks his <u>Miranda</u> warnings, both orally and in writing. Mr. Hendricks verbally acknowledged that he understood his rights and that he was willing to answer the agents' questions without counsel present. Mr. Hendricks then signed a form memorializing his <u>Miranda</u> waiver.

The interview proceeded for a little more than two hours.  Mr. Hendricks and the agents discussed, among other things, Mr. Hendricks' interest in hunting, his cannabis plants, and his pornography collection.  By all accounts, many of Mr. Hendricks' representations were factually accurate.  For instance, Mr. Hendricks told the officers that he had traded pornography using a well-known file-hosting site, an admission later corroborated by investigators.  Mr. Hendricks also properly identified his cell-phone number and carrier and advised the agents where they could find a key to his safe.  At other points, Mr. Hendricks was evasive.

Around 32 minutes into the interview, Mr. Hendricks had a violent coughing spasm.  Mr. Hendricks, a former coalminer, immediately attributed the fit to his black lung, telling the agents that he needed only to smoke a cigarette to suppress his coughing. When the agents asked Mr. Hendricks whether he needed any water or medication, Mr. Hendricks declined both offers.  At no point did Mr. Hendricks tell the agents that he was diabetic, that he needed insulin, or that his blood sugar was high or low.

## II. LEGAL STANDARD

The Court reviews de novo those portions of the Report and Recommendation to which timely objections are made. See Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate with instructions." Fed. R. Crim. P. 59(b)(3). If a party objects to the Report and Recommendation in part, this Court reviews all other portions only for clear error. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

## III. DISCUSSION

"A defendant's challenge to the admission of statements made during a custodial interrogation presents two separate questions: whether he received and validly waived his Miranda rights, and whether his statements themselves were voluntary." United States v. Outland, 993 F.3d 1017, 1021 (7th Cir. 2021). Because these inquiries "are deliberately distinct," id. at 1021, the Court must take each in turn.

Mr. Hendricks' first objections concern the Magistrate's factual findings as to his mental state and the witnesses' relative

credibility. Mr. Hendricks contests the following conclusions: (1) that his "testimony regarding his mental and medical condition during the interview was not credible," (2) that "Mr. Hendricks demonstrated independent thinking during the interview," (3) that Mr. Hendricks "was in full possession of his faculties during the interview," and (4) that the testimony of Agents Wright and Bloomfield "was credible and corroborated by the audio recording of the interview." See Def.'s Objection, d/e 64, at 2 (quoting R&R, d/e 62, at 10–11).

The recording of Mr. Hendricks' interview supports all of the Magistrate's findings. Mr. Hendricks conducted himself lucidly, attentively, and volubly. His reframing of certain statements—for instance, a remark about the "devil" pointing him toward pornography—as evidence of irrational or disordered thinking do not succeed. Agents Wright and Bloomfield found nothing unusual in Mr. Hendricks' custodial statements, either in tone or in substance. Neither does this Court. The Magistrate correctly found Agents Wright and Bloomfield more credible than Mr. Hendricks, and so these four objections are overruled.

Moreover, the Magistrate correctly concluded that Mr. Hendricks' Miranda waiver was valid. Def.'s Objection, d/e 64, at 2. Such a waiver is valid if it is (1) "the product of a free and deliberate choice rather than intimidation, coercion, or deception," and (2) "made knowingly and intelligently, 'with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" Outland, 993 F.3d at 1021 (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)). The Government must prove, by a preponderance of the evidence, that a defendant's Miranda rights were waived knowingly, intelligently, and voluntarily. United States v. Quiroz, 874 F.3d 562, 567 (7th Cir. 2017). The Government did so prove. This objection is overruled.

Lastly, Mr. Hendricks objects to the Magistrate's "belief that 'a defendant's mental condition will not justify a finding of involuntariness in the absence of police coercion.'" Def.'s Objection, d/e 64, at 3 (quoting R&R, d/e 62, at 12). Despite Mr. Hendricks' contrary formulation, "[c]oercive police activity is a necessary predicate to finding that a confession is not 'voluntary' within the meaning of the Due Process Clause." United States v. Stadfeld, 689 F.3d 705, 709–10 (7th Cir. 2012) (citation omitted). A criminal

defendant's "mental condition" during his interrogation, "by itself and apart from its relation to official coercion," cannot "dispose of the inquiry into constitutional 'voluntariness.'" Id. As Mr. Hendricks conceded on the stand, the record here "is devoid of any suggestion that police resorted to physical or psychological pressure to elicit the statements." Moran v. Burbine, 475 U.S. 412, 421 (1986). His objection is, therefore, overruled.

### IV. CONCLUSION

For these reasons, Defendant Michael Hendricks' objections (d/e 64) are OVERRULED, the Report and Recommendation (d/e 62) is ACCEPTED and ADOPTED, and Mr. Hendricks' Motion to Suppress Statement (d/e 53) is DENIED.

**IT IS SO ORDERED.**

**ENTERED: JUNE 7, 2023**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**